## WOODRUFF *a.* WOODRUFF.

*Supreme Court, First District; General Term, December,* 1863.

SURROGATE.—ACCOUNTING.—PARTNERSHIP.

After the expiration of eighteen months from the granting of letters testamentary or of administration, the surrogate, upon the petition of any creditor, legatee, or next of kin, or upon his own motion, may require the executor or administrator to file an account of his proceedings.

A sole acting executor may be required to do so at the instance of a legatee, though the latter is also executrix.

On an accounting before the surrogate, the executor or administrator may be required to disclose the assets of a partnership of which himself and the deceased were members at the time of the death of the latter, although the interest of the deceased in the firm is entirely unliquidated. ·

In this respect there is no difference in the authority of the surrogate on an intermediate accounting, under 2 Rev. Stat., 92, § 52, and on a final accounting.

Appeal from an order of the Surrogate's Court.

The appellant was Marcus P. Woodruff, executor of John O. Woodruff, deceased. The respondent was Emily B. Woodruff,

widow, executrix, and residuary legatee, under the will of John O. Woodruff. The appellant, the deceased, and one Robert M. Henning, had been copartners in the firm of Woodruff & Co. Under an order of the surrogate of New York, made upon the petition of Mrs. Woodruff, the appellant filed an account or statement, under oath, in which he stated the interest of said John O. Woodruff, at the time of his death, in the said firm of Woodruff & Co., to be one undivided third part thereof; and that the same was as yet unliquidated, and no part thereof had come into the hands of the appellant, as such executor, except as stated in his original account.

Upon this the surrogate further ordered that the accounting of the appellant, as such executor, be proceeded with, and that he produce on said accounting the papers and books of account of the late firm of Woodruff & Co., and that he submit to such examination as may be necessary to disclose the accounts of said John O. Woodruff with said firm of Woodruff & Co., at the time of his death. From this order the appeal was taken.

*Marsh, Coe & Wallis*, for the appellant.—I. The executor cannot be called upon to render an account on the application of the executrix, his co-representative.

II. The executor, Marcus P. Woodruff, has complied with the direction of the citation.

III. This is an intermediate, and not a final accounting. (Guild *a.* Peek, 11 *Paige*, 475.) A final accounting is had on the voluntary act of the executor, either when cited to account by a creditor, or on his own original application, and notice to all parties interested. (2 *Rev. Stat.*, 93, § 60; *Ib.*, 95, § 70.) If the executrix had wished to have the estate finally settled, she could have demanded a final accounting, and had the whole matter gone into. The only thing to be passed upon, on her present application, is the ability of the estate now to pay her legacy. This, it has been clearly shown, is impossible.

IV. The surrogate has no power to order an accounting between the surviving partners of the firm of which the testator was a member. That power belongs only to the courts of equity. (Magee *a.* Vedder, 6 *Barb.*, 352; Disosway *a.* Bank of Washington, 24 *Ib.*, 60; Egberts *a.* Wood, 3 *Paige*, 517, 525; Smith *a.* Jackson, 2 *Edw.*, 28; Case *a.* Abeel, 1 *Paige*, 393.)

V. Assets of a partnership in the hands of the administrator of a surviving partner are not assets of his intestate; and his management of the partnership affairs is not the subject of an accounting before the surrogate. (Thompson *a.* Thompson, 1 *Bradf.*, 24.) Marre *a.* Ginochio (2 *Bradf.*, 165), was where a final accounting was being had on the voluntary application of the executrix; and the surrogate puts his decision on the express ground that it was a final accounting. In fact, it was not an accounting between partners, but of assets theretofore received from the firm.

*Waldo Hutchins*, for the respondent.—Mrs. Woodruff, co-executrix under her husband's will, being a party in interest, has the right to cite Marcus P. to account before the surrogate. (Smith *a.* Lawrence, 11 *Paige*, 206; and cases there cited.)

II. When the surviving partner is the executor of the deceased partner, a statement of the partnership affairs is incident to the settlement of the accounts of the executor, and can be proceeded with before the surrogate. (Marre *a.* Ginochio, 2 *Bradf.*, 165.)

III. The order appealed from is regular, and should be affirmed. (2 *Rev. Stat.*, 92, § 54; *Laws of* 1837, 537, ch. 460, § 76; Jackson *a.* Jansen, 6 *Johns.*, 79; Seymour *a.* Seymour, 4 *Johns. Ch.*, 409; Rogers *a.* King, 8 *Paige*, 210.)

CLERKE, J.—Inasmuch as the appellant was the sole acting executor, and as the respondent was a legatee under the will, she had the right, in that capacity, to cite him to render an account as such acting executor.

The order of the surrogate of the 23d of Jan., 1863, was not made for the purpose of liquidating the affairs of the copartnership, but for the purpose of ascertaining what amount the appellant had collected as executor, from the assets of the firm, for the benefit of the estate of the testator. Surely, if he was not a copartner of the testator in that firm, he would be liable to account for all sums of money which he had realized from the assets. Can the fact that he was a copartner, exempt him from such liability? This species of accounting before the surrogate, in no respect encroaches upon the jurisdiction which alone belongs to this court as a court of equity,—should its interposi-

tion be necessary in adjusting the rights of the respective members of the concern, as their representatives,—in protecting and disposing of the property for the benefit of all to whom it may belong, or who may have demands upon it,—in compelling the surviving partner to account for the stock which has come into his possession, or, if he has carried on the business since the death of the deceased partner, to account for the profits made by him; and finally, in winding up the affairs of the concern. This the surrogate has not attempted to do by the order appealed from. As to the objection, that the executor cannot be compelled to account in the way required by this order, because it is not a final accounting, the 57th section of the act relating to the duties of executors and administrators, &c. (2 *Rev. Stat.*, 92, § 52; *same stat.*, 3 *Rev. Stat.*, 5 ed., 178), authorizes the surrogate, at any time after the expiration of eighteen months from the time of his appointment, to order an executor or administrator to render an account of his proceedings, upon the application of a creditor, a legatee, a next of kin, or without such application. Upon being thus required to render an account, the executor or administrator may, if he desires it, have the same finally settled. But, this in no respect affects the right of any party interested, or of the surrogate on his own motion, to require him to render an account, which may or may not, according to the course of events, prove to be final.

The order of the surrogate should be affirmed with costs.

SUTHERLAND, P. J., concurred.

BARNARD, J., expressed no opinion.