NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—February, 1886.

BECKER *v.* LAWTON.

*In the matter of the estate of* JANE MULL, *deceased.*

A Surrogate's court will not revoke an executor's letters at his own request, under Code Civ. Pro., §§ 2689, 2690, upon allegations that he has interests, as surviving partner of the decedent, antagonistic to his duties as executor, necessitating resort to another tribunal, where the estate should be represented by a disinterested person,—the former court having ample power to adjust the equities of the case.

PETITION by George B. Lawton, executor of decedent's will, under Code Civ. Pro., §§ 2689, 2690, for leave to resign his trust; opposed by C. Becker, legatee.

A. J. PERRY, *and* WM. FULLERTON, *for executor.*

J. H. WHITELEGGE, *for legatee.*

THE SURROGATE.—Pending the litigation which has arisen respecting the correctness of the accounts filed by the executor of this estate, he applies for an order revoking his letters testamentary. He asks to be relieved from his trust, upon the ground that the question of his liability to this estate, by reason of the partnership, that existed between himself and the testatrix in her lifetime, is one upon which this court has no jurisdiction to pass, and that, in order that such question may be submitted for the determination of a competent tribunal, some person other than himself should be empowered to act as the representative of the estate.

The reasons urged in support of this petition are insufficient, and the petition must, therefore, be denied (Code Civ. Pro., § 2690). This court has ample authority to hear and determine the question of the executor's liability to the estate as surviving partner of the testatrix (*In re* Saltus, 3 *Abb. Ct. App. Dec.*, 243; Marre v. Ginochio, 2 *Bradf.*, 165; Estate of Stouvenel, *Tucker*, 241; Woodruff v. Woodruff, 17 *Abb. Pr.*, 165).