DWIGHT and MACOMBER, JJ., concur.

---

In the Matter of the Judicial Settlement of Accounts of ALBERT S. TAFT *et al.*, Executors, etc.

*Supreme Court, Fifth Department, General Term, December 30, 1889.*

1. *Executors, etc. Compensation.*—Executors are not entitled to any compensation, beyond their commissions, for performing the duties imposed upon them by the will, unless the will provides for such extra compensation.
2. *Same. Partners.*—The surviving partner will not be allowed compensation for his own services in the conduct of the firm business, as against the share of the deceased partner.
3. *Same. Vouchers.*—Payments of large amounts will not be allowed without vouchers.

Appeal by the executors from a decree of the surrogate of Monroe county.

*C. A. Keeler*, for executors, appellants.

*H. W. Morris*, for legatees, respondents.

DWIGHT, J.—The estate left by the testator consisted, principally, of his one-third interest in a patent medicine busi-

ness, which, at the time of his death, was owned and carried
on by the firm of Taft Bros., composed of the deceased, his
brother, Albert S. Taft (one of the executors) and William
Main. By his will the testator bequeathed his interest in
the business to his son William (an infant) charged with
the payment to his daughter Lillie of one-third of his share
of the profits ; and he provided that the business should be
carried on by his executors, in conjunction with the other
surviving partner, until the son William should become of
age.

The questions presented by this appeal relate to the dis-
allowance by the surrogate, in whole or in part, of two items
of credit claimed by the executors. One of them was an
item of $950 for compensation to themselves, or to the
executor, Albert S. Taft, and the other surviving partner, for
their trouble in carrying on the business after the death of
the testator. This item was properly disallowed. Surviving
partners are not allowed compensation for their own services
in the conduct of the business, as against the share of a
deceased partner. Parsons on Partnership, 230 ; Caldwell
v. Leiber, 7 Paige, 483, 495. Nor are executors entitled to
any compensation beyond their commissions as such for per-
forming the duties imposed upon them by the will, unless
the will itself provides for such extra compensation. Collier
v. Munn, 41 N: Y. 143 ; Morgan v. Hannas, 13 Abb. N. S.
361 ; see, also, In re Hayden's Estate, opinion of BARKER,
P. J., 26 N. Y. State Rep. 911.

The item of $950 is not, in terms, contained in the account
rendered by the executors, but it is involved therein as fol-
lows : The executors charge themselves with the sum of
$1,600.09, as one-third of the net profits of the business ; and
the executor, Albert S. Taft, testified that, in arriving at
the total net profits of the business, they included in the
expenses, charged against it, the sum of $950. In regard to
this charge he testified, " the $950 is not what we have
actually paid out, but what we think is an equitable allow-

ance for performing the labor of taking care of the business."
Aside from the general objection to any charge of this char-
acter, there was no evidence whatever of the value of the
services for which the charge was made. The surrogate cor-
rected the account in this respect, by adding one-third of
$950 to the one-third of the net profits of the business as
stated by the executors. In so doing he proceeded in accord-
ance with the principles above stated.

The other item of the account which is brought in ques-
tion was that in which the executors credit themselves with
the sum of $1,387.75, for cash paid to the mother and guard-
ian of the infant legatees, on their share of the profits of the
business. The question on this branch of the case was
purely a question of fact, viz.: whether payments to the
amount of $965.50, embraced in the total above mentioned,
were made to Mrs. Taft, as guardian, and for the benefit of
the legatees, or to her, individually, on a note which she
held against the firm of Taft Bros., which was more than six
years past due, but which Albert S. Taft, in recognition of
his moral obligation, had promised to pay. The question
was determined by the surrogate upon evidence somewhat
conflicting but which amply supports his finding, in that
respect, in favor of the legatees.

There was the further objection to the allowance of these
payments that no vouchers were produced or filed for any
one of these payments in question ; an objection which seems
to be fatal to the claim, under the statute. Code Civ. Pro.,
§ 2734.

We find no error in the disposition of the case by the sur-
rogate. The decree should be affirmed.

Decree affirmed, with costs to the contestants payable out
of the estate.

BARKER, P. J., and MACOMBER, J., concur.