(Surrogate's Court, Westchester County.   July, 1902.)

1. SURVIVING PARTNER—ACCOUNTING—COMPENSATION.

Where a will authorized testator's son, partner, and executor to continue the firm business, the son could not as executor obtain any compensation beyond his commissions, either for continuing the business or for winding it up.

2. SAME.

A sole surviving partner, settling the firm business, and also accounting as executor of the deceased partner, must settle his accounts in the surrogate's court.

In the matter of the accounting of Arthur Dummett, executor of Matthew Dummett.   Decree rendered.

David Swits, for executor.

William L. Flagg, for Charlotte Dummett, widow.

Joseph S. Wood, special guardian.

SILKMAN, S.   The executor has been permitted to resign.   His successor has been appointed, and he now comes into court to account, for the purpose of being discharged.   This is one of those cases where the testator has selected his son, a young man wholly without experience in the office to fill which his father selected him, and he has succeeded in confusing the accounts of the business of Matthew Dummett & Son, of which the executor was a member, having a one-quarter interest, with the accounts of the estate, to such an extent that they are difficult to unravel, and the burden of doing this has been cast by the counsel in the case upon the court.   Before going into the question of figures, it is necessary to refer to the principles of law governing cases of this character, where the executor has a dual duty to perform, —that of liquidating partner, and that of administering the decedent's estate.   There does not appear to have been any written agreement between father and son in reference to their business.   The father had a three-quarter interest, and the son one-quarter.   Upon the death of either, it was the survivor's duty to liquidate and wind up the affairs of the partnership so dissolved by death.   This is a duty presumed to be contemplated by all entering into the relation of partners, and it is a duty for which the law makes no provision for compensation, in the absence of an express agreement between the parties.   Johnson v. Hartshorne, 52 N. Y. 173;  Burgess v. Badger, 82 Hun, 493, 31 N. Y. Supp. 614;  In re Harris, 4 Dem. Sur. 463;  Pars. Partn. 427, 490, note. It follows that, in considering the accounts of the accounting executor, he cannot be credited with any compensation for his services as liquidating partner, nor in continuing the business, other than his one-quarter interest, and one-quarter of the net profits of the business.

The will of Matthew Dummett authorizes the continuation of the business.   The surviving partner was not compelled to continue it. Upon his father's death, he could have insisted upon his right to liquidate it.   This he could have done in the ordinary way, and taken to himself his share, and delivered to his father's estate its share.   This

he did not see fit to do. He elected to continue the business on behalf of himself, as surviving partner, and on behalf of the estate, under the authority contained in the will. The will made no provision for extra compensation, and he must be presumed to have accepted the duty for the compensation allowed to executors and trustees by statute.

The general rule of law is well known and firmly established that for services rendered an estate an executor, merely as such, can derive as benefit or receive as compensation therefor his commissions allowed by statute, and nothing more, however meritorious or extraordinary the services may have been. Collier v. Munn, 41 N. Y. 143; In re Hayden, 54 Hun, 197, 7 N. Y. Supp. 313, affirmed 125 N. Y. 776, 27 N. E. 409; In re Hosford, 27 App. Div. 427, 50 N. Y. Supp. 550; In re Butler's Estate (Sur.) 9 N. Y. Supp. 641. And the rule is not different where, as in this case, the executor was copartner of the decedent, and the testator by his will provided for continuing his business after death by his executor, and made no provision therein for such additional compensation. In re Taft's Estate (Sup.) 8 N. Y. Supp. 282. There are cases which are apparently exceptions to this rule (Lent v. Howard, 89 N. Y. 169; In re McCord, 2 App. Div. 326, 37 N. Y. Supp. 852; In re Moriarity's Adm'r, 27 Misc. Rep. 162, 58 N. Y. Supp. 380; In re Braunsdorf, 13 Misc. Rep. 672, 35 N. Y. Supp. 298); in all of which cases the executor or administrator performed duties which he was in no sense called upon to perform by reason of his office, or by the instrument under which he was acting, and which were performed at the instance and request of parties interested in the estate. These exceptions, I apprehend, rest entirely upon the doctrine of equitable estoppel; the court not permitting those who induced the furnishing of the additional labor and services to be heard, denying the right of the person performing such service to a reasonable compensation therefor.

I have before me the account of the executor as originally made up, but this is incorrect, in that it did not include the accounts of the business. Where the executor is sole surviving partner of the testator, the only form in which he can have a judicial settlement of his account is in the surrogate's court. He cannot go into the supreme court for the settlement of his partnership accounts, because he cannot be both plaintiff and defendant in the same action. Starbuck v. Trust Co. (opinion by Lawrence, J.), N. Y. L. J., May 20, 1897, affirmed 51 N. Y. Supp. 8. The surrogate's court is the only court having jurisdiction to settle the accounts as between himself and those interested in the estate of which he is executor. It follows, therefore, that his account as executor must include the account of the partnership.

The executor has now brought into court all the books of the business, a summary has been made by an accountant, and the court is charged with the duty of determining what amount, if any, the executor must turn over to his successor in the trust. Under the authority contained in the will, the executor borrowed upon the real estate of the testator $6,000, $4,000 of which were used to pay off existing mortgages, and the balance of the proceeds of the loan—$1,570—went into the business. I find that from the firm accounts

there was received the sum of $26,021.73, exclusive of $1,570, the proceeds of the mortgage, and $311 of funds of the estate, which were also deposited in the business account. I find that he has paid out on account of the business $23,289.74; he has paid out on account of proper expenses of administration and debts of the decedent disconnected with the business the sum of $2,656.77; he has paid to the legatees under the will $330; he has withdrawn on his own account the sum of $2,175.68, and for expenses chargeable to him personally $108. Now, as liquidating partner the executor is chargeable with having received the sum of $26,021.73; he is to be credited with the amount of the expenses of the business, amounting to $23,289.74, leaving a balance of $2,731.99. Of this balance the executor is entitled to be credited with one-quarter, leaving a balance of $2,048.99 with which he must be charged as executor. As· executor he is charged with the above three-quarters of the net surplus of the business, with the amount of the proceeds of the mortgage,—$1,570,—and with the funds of the estate deposited in the business,—$311,—making .a total of $3,929.99. He is entitled to be credited, as executor, with the amount of testator's individual debts, and the amount of expenses of administration,—$2,656.77,—and with the amount paid legatees,—$330,—leaving a balance of $943.22 in his hands, to be paid over to his successor, subject to the payment of his commissions and expenses of this accounting.

The complication which might have arisen in reference to the valuation of the business seems to have been wisely eliminated by the leasing thereof by Mr. Arthur Dummett from his successor in the trust. It must be conceded that while the original assets of the business are not on hand, nevertheless the property which has been disposed of has been replaced by other property of similar character, and all appears in the account of the business, and that there has' been no depreciation in the value of the business plant since testator's death. Let a decree and findings be submitted in accordance with the views expressed.

Decreed accordingly.