(Surrogate's Court, New York County. December, 1902.)

1. EXECUTOR—ACCOUNTING—SURVIVING PARTNER.

Where the surviving member of a partnership accounts as executor of one of the partners, he cannot, where the estate of another partner is not represented, be compelled to account for the partnership affairs, in order to charge him, as executor, with moneys in excess of the sum admitted by him to be due from him as survivor.

2. SAME.

A partner accounting as executor of a deceased partner may be charged with amount admitted by him to have been received by him as executor from himself as surviving partner.

3. SAME—CREDITS.

A surviving partner acting as executor of one partner cannot be allowed water-meter charges, a lien on the property of his testator, which had been conveyed to him by the latter, as in paying these charges after testator's death he was in fact paying charges on his own property.

In the matter of the estate of Frederick W. Mertens. To an accounting by the general guardian the executor objects. Objections overruled.

Meyer Auerbach, for executor.
Ashbel P. Fitch, for general guardian.

THOMAS, S. The testator, Frederick W. Mertens, had two sons, Robert E. Mertens and Frederick W. Mertens, the accounting exec-

¶ 2. See Partnership, vol. 38, Cent. Dig. §§ 536, 539.

utor. In 1892 a partnership was formed between these three under the firm name of F. W. Mertens & Sons for the purpose of carrying on the business of manufacturing tobacco, each copartner having an equal one-third interest in the assets and profits of the firm. In January, 1899, Robert E. Mertens died, leaving, him surviving, his widow, Laura E. Mertens, and his son, Robert E. Mertens, an infant. Frederick W. Mertens, Sr., died in June, 1899. The business of the firm was continued by Frederick W. Mertens, the surviving partner, and is still being conducted by him, and no general accounting of its affairs has been had by agreement of the parties or otherwise. An action is now pending in the supreme court for such an accounting, the plaintiff in that action being Laura E. Mertens, as administratrix of Robert E. Mertens, deceased. In the account of the executor as filed in this court he charges himself with a balance to the credit of the testator in the firm of F. W. Mertens & Sons on June 20, 1899, the date of his death, $6,298.16, and also as his share of profits in business and interest on capital account, less his share of uncollected accounts, $500.86. To these items Laura E. Mertens, as general guardian of her infant son, Robert E. Mertens, filed objections, charging, in substance, that the admitted balance of amount due the testator for his interest in the assets and profits of the firm was not sufficiently large, that collectible debts due to the firm had improperly been treated as worthless, and that the good will of the business had a value not accounted for. On the issues thus made much testimony was taken, and the referee made findings of fact and of law, which are excepted to.

I am of the opinion that this court is without jurisdiction to determine these issues, or any of them; that the evidence given upon them must be ignored and disregarded, though not objected to; and that the findings made concerning them must be overruled, and stricken out. It was proper to charge the executor with the amounts admitted by him in his account to have been received by him, as executor, from himself, as surviving partner of the firm of which the decedent had been a member. Woodruff v. Woodruff, 17 Abb. Prac. 165, 167. It was not proper, in this proceeding, to take an accounting of the partnership affairs of a firm in which the estate of Robert E. Mertens, deceased, had an interest, which estate was here entirely unrepresented, for the purpose of charging the executor, as such, with moneys in excess of the amount admitted by him to be due from himself as surviving partner. On the death of his two copartners, the surviving partner became the owner, at law, of the entire assets of the firm, subject to a trust duty to account to the legal representatives of his deceased copartners. No trustee can be required to account in any court in an action or proceeding in which all of the beneficiaries of the trust are not represented. The statutory limitation of the power of this court to determine a claim against an executor or administrator, by reason of his indebtedness to the estate, on his accounting, is found in section 2731 of the Code of Civil Procedure, as follows:

"Where a contest arises between the accounting party and any of the other parties respecting property alleged to belong to the estate, but to which the accounting party lays claim, either individually or as the representative of the

estate; or respecting a debt alleged to be due by the accounting party to the decedent, or by the decedent to the accounting party, the contest must, except where the claim is made in a representative capacity, in which case it may, be tried and determined in the same manner as any other issue arising in the surrogate's court."

In this case the moneys of the partnership, if any there were, were not claimed by the executor, "either individually or as the representative of the estate," but as trustee, in part, for a stranger to the proceeding. The debt, if any, was due not by the accounting party to the decedent, but by the accounting party as a trustee for a stranger to the record; and it was one of a class of claims which cannot be adjusted, liquidated, or determined except upon principles approved by courts of equity, one of which requires that a trust estate shall not be carved into pieces and divided without affording a hearing to each and every party in interest. If there had only been two members of the firm, the decedent and the executor of his will, the rule would have been entirely different. In such a case the partnership accounting would have been within the jurisdiction of this court. Thomson v. Thomson, 1 Bradf. Sur. 24; Marre v. Ginochio, 2 Bradf. Sur. 165; Becker v. Lawton, 4 Dem. Sur. 342; Matter of Saltus, 3 Abb. Dec. 243, 248; Hannahs v. Hannahs, 68 N. Y. 610; Matter of Laney, 50 Hun, 15, 2 N. Y. Supp. 443, affirmed 119 N. Y. 607, 23 N. E. 1143; Matter of Dummett (Sur.) 38 Misc. Rep. 477, 77 N. Y. Supp. 1118. The claim that an accounting could be had in the surrogate's court of the affairs of a partnership where some interest was unrepresented here was distinctly repudiated and denied by the general term in Woodruff v. Woodruff, 17 Abb. Prac. 165, 167.

It is conceded that no decree here made would control the decision of the supreme court in the pending action for an accounting. It is better that the present decision shall so be framed as to avoid a possibility of conflicting rulings. In Schedule D of the account of the executor he claims credit for $1,580.10, for a payment of that amount, made August 20, 1900, for "Water Department, Meter Bills." The seventh and eighth objections filed against the account may fairly be construed to challenge this item. Evidence was taken on the subject, which was not objected to as being immaterial to the issues, and the referee passed upon the question raised on its merits by his fourth finding of fact and his fourth conclusion of law. All of this puts a construction on the objections as being sufficient to raise the question as to whether the item was proper. The real property of the testator upon which these Croton water charges were liens was conveyed by the testator to the accounting executor on or about June 1, 1899, and the finding of the referee is that the amount claimed was due at the time of the death of the testator in the latter part of that month. They accrued before the time of the delivery of the deeds, and were liens on the real property of the executor individually. In paying these water charges the executor was canceling liens upon his own property, and was not paying debts of his testator, and such payment cannot be allowed to him, and thus be made a

charge upon the estate. Henderson v. Arbuckle, 54 N. Y. Super. Ct. 141; Moffat v. Henderson, 50 N. Y. Super. Ct. 211; Matter of Selleck, 111 N. Y. 284, 287, 19 N. E. 66. The conclusion of the referee allowing these payments must be reversed.

It was argued by counsel for the objectant that the referee struck out objections and exceptions taken by him, and failed to require from his adversary a decent observance of the ordinary requirements of decorous behavior. A careful inspection of the whole record satisfies me that he tried to keep counsel on both sides in order, and that his task was a difficult one. I do not find reversible error in any of his rulings, and every objection made by counsel, with much of argument and comment which might have fairly been omitted from the record, seems to have been set out at large, in the stenographer's minutes.

The remaining exceptions concern findings as to matters of fact, all of which are based upon legal evidence sufficient to support them. The report is, therefore, confirmed in every respect in which I have not, in this memorandum, determined otherwise. All questions of costs are reserved until the settlement of the decree.

Decreed accordingly.