when preparing the new Code, in inserting section 1376, was to avoid even the necessity of an action in the nature of scire facias and enable the personal representatives or assignee of a deceased judgment creditor summarily to issue execution within the period prescribed; and the indorsement called for in that event was necessarily intended as notice to the judgment debtor of the authority of the person seeking to enforce the judgment after his creditor's death. It will thus be seen that no relation exists or can be established between section 1376, or any part thereof, and the preceding sections bearing upon the subject of executions. Therefore the case of Duryee v. Bottsford, supra, cited by the court, is inapplicable, since it is based on a construction of section 1376.

While an amendment of the Code to cover the situation here disclosed might be advisable, we find no prohibition either in statute or authority which prevents an assignee from issuing an execution in the form required by sections 1366, 1368, and in the name of the judgment creditor, his assignor. Neither in text-books nor in judicial dicta do we find any attempt made to declare a definite principle; but it is significant to note that in both the practice is recognized without criticism. Freeman on Executions, p. 62, § 21; Wilgus v. Bloodgood, 33 How. Prac. 289.

The respondent argues that, if our conclusion be correct, the judgment debtor is not properly protected, and is subjected to the liability of being required to make double payment. While it is doubtless true that after notice the judgment debtor would not be justified in paying a stranger to the claim, it is equally true that before notice such payment would be effective to absolve him from further liability. However, that question is not involved on this appeal, since the respondent was apprised on his motion by opposing affidavits that the form of execution adopted was sanctioned by the assignee as well as by the assignor, so that, if he paid the execution issued, he would be protected from further liability.

It follows that the order appealed from must be reversed, with $10 costs, and the motion to vacate denied, with $10 costs. All concur.

---

### In re POPP.

### In re KEMPF'S WILL.

(Supreme Court, Appellate Division, Second Department. December 5, 1907.)

1. EXECUTORS—COMPENSATION—SERVICES IN TESTATOR'S BUSINESS.

> Under Code Civ. Proc. § 2730, providing that on the settlement of the accounts of an executor the surrogate must allow him for his services for receiving and paying out all sums of money, not exceeding certain amounts, certain designated percentages, etc., where the will directed the continuance of the testator's business, but provided no extra compensation therefor to the executors, one of them was not entitled to extra compensation from the estate for continuing such business and working therein.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 2123.]

2. SAME—CONSENT OF LEGATEES.

    The consent of two legatees in open court to extra compensation allowed to one of the executors operated only as a consent that their shares might be charged with their proportionate part of such extra compensation, and not that it should be paid in full therefrom.

3. SAME—CONTRACT WITH BENEFICIARY.

    An agreement between an executor and certain of the beneficiaries that he should have extra compensation for services rendered in continuing the testator's business and working therein is voidable, and may be questioned for unfairness or inequitableness.

Appeal from Surrogate's Court, Kings County.

Judicial settlement of the accounts of Anton Popp, one of the executors of the will of Marianne Kempf, deceased. From so much of a surrogate's decree as allowed the executor compensation for continuing testator's business as directed by the will and for working therein (53 Misc. Rep. 200, 104 N. Y. Supp. 585), Jacob Kempf and another, infant legatees, by their general guardian, Franziska Heck, and such guardian individually, as legatee and as executrix, appeal. Modified.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

Leopold Blumberg, for appellants.

Melville J. France, for respondent Anton Popp.

Michael F. O'Brien, for respondents Rosa Stauch and Henrietta Kempf.

GAYNOR, J. The surrogate allowed one of the executors on his accounting extra compensation for continuing the business of the testator, and working therein, the will directing that the business be continued, but providing no extra compensation therefor to the executors.

At common law executors and administrators were not allowed any compensation for their services. Manning v. Executors, 1 Johns. Ch. 527. This remained so in this state until 1817, when the Legislature empowered the Court of Chancery "to make a reasonable allowance to them for their services," on the settlement of their accounts, and prescribed that when "the rate of such allowance shall have been settled by the chancellor, it should be conformed to in all cases of the settlement of such accounts." Laws 1817, p. ——, c. 251; McWhorter v. Benson, 1 Hopk. Ch. 28. The Chancellor thereupon adopted a general rule establishing a percentum on all moneys received and paid out as such compensation. 3 Johns. Ch. 630. It was incorporated into the Revised Statutes of 1830 (part 2, p. 93, § 58), and from there went into the Code of Civil Procedure (section 2730).

It follows that the statute compensation is all that an executor or administrator may be paid for his services. There can be no exception to this rule. If he be allowed compensation out of the estate of the deceased other than that fixed by statute, it cannot be for services in his office, but only for something he has done apart from and entirely outside of his office, i. e., as an individual and not as an executor or administrator. It is not enough that he does something for the estate which he has the right to employ another to do and pay him for out of the estate. That is not a test; on the contrary, it must be some-

thing which does not come within the province of his office at all, either for him to do personally or employ another to do for the estate.

In Vanderheyden v. Vanderheyden, 2 Paige, Ch. 287, 21 Am. Dec. 86, the charge of a guardian for the care and superintendence of the infant's real property, in addition to the statute compensation—which is the same in the case of trustees and guardians as in the case of executors—was disallowed; in the Matter of the Bank of Niagara, 6 Paige, Ch. 213, a receiver was disallowed for his services as attorney and counsel in the business of the trust; in Clinch v. Eckford, 8 Paige, Ch. 412, one of the executors was held entitled to extra compensation for any service he should render as clerk and bookkeeper of the estate, but only because the will expressly authorized it; in Lansing v. Lansing, 45 Barb. 182, an executor worked out the highway tax of the testator instead of paying it or hiring another to work it out, and was allowed therefor in his accounting by the General Term of the Supreme Court; in Collier v. Munn, 41 N. Y. 143, the charge of an executor who was an attorney and counselor at law, for extra compensation for his professional services in defending an action against the estate, at the request of his fellow executors, was disallowed; in the Parsee Merchant's Case, 11 Abb. Prac. (N. S.) 209, the compensation allowed by the Special Term was to a committee of his person, there being a separate committee of the property, and the case therefore has no application; in Morgan v. Hannas, 49 N. Y. 667, the charge of a guardian for services rendered by him as attorney and counsel in the affairs of his ward was disallowed; in Lent v. Howard, 89 N. Y. 169, an executor was allowed compensation for managing and improving the real estate of the deceased, but only because as executor he had nothing to do with and no duty whatever in respect of the real estate, the will imposing none; in Matter of Reed, 12 N. Y. St. Rep. 139, an administrator who acted as attorney and counsel on the settlement of the accounts of himself and associates was denied costs or compensation therefor by the surrogate; in Matter of Butler (Sur.) 9 N. Y. Supp. 641, compensation as clerk was denied to an executor by the surrogate; in Matter of Ingersoll, 6 Dem. Sur. 184, the surrogate disallowed a charge by an executor for the use of his own horse and wagon in collecting the assets of the estate; in Matter of Hayden, 54 Hun, 197, 7 N. Y. Supp. 313, an executor was disallowed a salary for superintending and carrying on the business of the deceased. He had performed the same service for the deceased in his lifetime, and his two co-executors, who were also interested under the will, employed him to continue therein at the same salary, the will authorizing the executors to continue the business for a year. There is a dictum that if the persons who agreed to the salary were the only persons in interest under the will it would have been allowed. Nothing is said as to whether those who did agree were not bound in proportion to their shares, or in full. In the Matter of Taft, 55 Hun, 603, 8 N. Y. Supp. 282, compensation was disallowed by the General Term of the Supreme Court to an executor, one of the surviving partners of the deceased, for carrying on the business, the will directing it to be carried on, but authorizing no extra compensation; in Woodruff v. N. Y., L. E., &c., R. Co., 129 N. Y. 27, 29 N. E. 251, a trustee was disallowed compensa-

tion for his services as an attorney and counsel for the trust; in Matter of Braunsdorf, 13 Misc. Rep. 666, 35 N. Y. Supp. 298, an executor who was a skilled machinist was allowed compensation by the surrogate for his services in carrying on the mechanical business left by the deceased, the services having been rendered at the request of the next of kin, the parties interested, so as to complete the articles in process of manufacture at the time of the death of the testator. The will did not authorize the continuance of the business. In Matter of McCord, 2 App. Div. 324, 37 N. Y. Supp. 852, the will required the executors to collect the rents of the houses left by the testator and pay the same over to the widow and heirs until the executors should have sold the same under the power of sale given to them in the will. One of the executors had been employed by the testator to take charge of the said houses and clean, paint and repair them for a weekly salary. This agreement was continued by the widow and heirs, all of the parties in interest. The compensation was allowed. In Matter of Young, 17 Misc. Rep. 680, 41 N. Y. Supp. 539, the real estate was left to the executors in trust to manage and improve it,. and collect the rents and pay them to the widow and otherwise dispose of them, and one of the executors devoted his time to managing the estate. The parties in interest agreed in advance that he should be allowed a specific monthly salary in addition to his statutory compensation "as compensation for his services as executor and trustee as aforesaid," and the surrogate allowed it. In Matter of Hosford, 27 App. Div. 427, 50 N. Y. Supp. 550, the executors were directed to convert the realty into personalty and distribute the proceeds. An additional compensation for their services in respect of the real estate was disallowed.. In Parker v. Day, 155 N. Y. 383, 49 N. E. 1046, compensation was allowed to the law partner of the executor for services to the estate, but only because it appeared that the executor was excluded from all share therein; in Matter of Moriarty's Adm'r, 27 Misc. Rep. 163, 58 N. Y. Supp. 380, the surrogate allowed compensation to a temporary administrator, who had been the manager of the business of the deceased, for carrying on such business under the direction of the surrogate, although the will did not provide therefor; in Russell v. Hilton, 37 Misc. Rep. 642, 76 N. Y. Supp. 233, the Special Term allowed compensation to an executor for his services as architect in repairing the houses of the estate, the real estate being left in trust to the executors to collect and pay out the income; in the Matter of Dummett, 38 Misc. Rep. 477, 77 N. Y. Supp. 1118, the surrogate denied compensation to an executor (he also being surviving partner) for his services in continuing the business as authorized by the will, which did not provide for extra compensation; in Clausen v. Puvogel, 114 App. Div. 455, 100 N. Y. Supp. 49, the same thing was decided, but with the dictum that if he had done so at the request of all the parties in interest he would be entitled to compensation.

From this review of the cases it is plain that the rule as stated above is settled. The decisions in Matter of Moriarty's Adm'r and Russell v. Hilton, supra, have to be disapproved. In the case before us it would be agreeable to justice to allow the executor the extra compensation, but,. as is often the case, though justice demand policy forbids.

It is of great importance that the rule be not departed from. Once relaxed, the asking and giving of extra compensation would grow apace and become an intolerable abuse.

There is some evidence that the three adult parties in interest agreed in advance to the extra compensation, but there is no finding of fact on that head. But two of them consented in open court to the extra compensation. This cannot be construed as a consent that the same be paid in full out of their shares, but only that their shares be charged with their proportionate part thereof. The judgment should be so modified in respect of them. The case should go back for a finding of fact whether the other adult made the agreement, and additional evidence may be taken. Where it is permissible at all for an executor or trustee to make such an agreement with his beneficiaries, it is subject to the general rule in respect of transactions between trustee and beneficiary, that while it is not void it is voidable, and may be called in question for unfairness or any inequitableness.

The decree is modified in accordance with the foregoing.

Decree of Surrogate's Court of Kings county modified in accordance with the opinion of GAYNOR, J., and, as modified, affirmed, with costs to the appellants payable out of the estate. All concur, except HIRSCHBERG, P. J., not voting.