# HOWARD *v.* HOWARD.

EQUITY; AUDITOR; DECEDENT'S ESTATES; ACCOUNTING; ESTOPPEL; EXEMP-
TIONS; ATTORNEYS' FEES; COMMISSIONS; EXECUTORS AND ADMINIS-
TRATORS; APPEAL AND ERROR; COSTS.

1. On an appeal from a decree overruling exceptions to a report of the
   auditor, the appellant must show plain error or mistake, in order to
   obtain a reversal of the decree. (Following *Magruder* v. *Drury*, 37
   App. D. C. 519.)

2. In an accounting by an administratrix of the estate of her husband,
   which estate consisted of a drug store business, which the probate
   court permitted her, with the consent of the creditors, to conduct for
   several months after the death of the intestate, and which was then
   sold, it appeared that the father-in-law of the administratrix had
   conducted the business before the death of the intestate, and during
   the latter's last illness, and that he was the confidential adviser of
   the wife; that on the death of the intestate, the widow, at the request
   of her father-in-law, had turned over to him several thousand dol-
   lars of insurance which she had received, out of which he paid
   debts due by the intestate, and returned the surplus to her; that
   after the death of the intestate, the father-in-law, who was the in-
   dorser of a note of the intestate, paid the note, and filed a claim
   for the amount so paid against the estate; that the balance for dis-
   tribution was insufficient to reimburse the widow for the amount
   she had advanced from the insurance money, and also to pay the
   claim of her father-in-law. The auditor held that the father-in-law
   was estopped to deny the widow's right to such reimbursement from
   the proceeds of the sale of the business in preference to his indebted-
   ness, and so reported; and the lower court, overruling exceptions to
   the report, confirmed it. This court *affirmed* the decree of the lower
   court, not being convinced that that court had committed reversible
   error.

3. In distributing the proceeds of a sale in bulk of a drug store business
   which was the sole asset of a decedent's estate, which sale was
   acquiesced in by all the parties interested, it is not error for the
   court to allow the widow, by way of exemptions, under secs. 314 and
   1105, D. C. Code [31 Stat. at L. 1239, 1362, chap. 854], $200 for
   tools and implements of the decedent's business, and $200 for stock

in trade, where the widow has not relinquished her right to the exemptions, and more than its value was realized from the sale.

4. An allowance of $150 for attorneys' fees, in the administration of an estate of the value of $3,850, was *held* not to be erroneous, where there was no evidence that the services of the attorney were not worth the sum allowed, or that they were exclusively for the personal benefit of the administratrix. (Citing sec. 365, D. C. Code [31 Stat. at L. 1248, chap. 854].)

5. An allowance of $50 a month to an administratrix for conducting a drug business belonging to the estate, under an order of the court permitting her to do so, and to employ necessary help, and do all other acts necessary and proper in carrying on the business, was *held* not to be erroneous, where she had the active management of the business, giving her time and personal attention to it, and there was no evidence that her services were not worth the sum allowed.

6. Under sec. 365, D. C. Code, an administratrix is entitled to commissions on the inventory of the decedent's estate, of not under 1 per cent or over 10 per cent; and it is error to allow her 2½ per cent commissions on receipts of a drug business belonging to the estate, which she was allowed, on her own application, to conduct until it was sold.

7. Where, on an appeal by a creditor from a decree of the lower court overruling exceptions to a report of the auditor stating the account of an administratrix, and confirming the report, it was held by this court that commissions in excess of those permitted by law had been allowed her, the decree was *modified*, so as to exclude the excessive allowance, and the costs of the appeal were directed to be taxed as costs of administration.

No. 2404.   Submitted April 2, 1912.   Decided April 22, 1912.

HEARING on an appeal by a creditor of a decedent's estate from a decree of the Supreme Court of the District of Columbia, overruling a report of the auditor stating the account of the administratrix, and confirming the report.

*Modified and affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal by Henry P. Howard from the supreme court of the District holding a special term for probate busi-

ness, settling the final account of Lida M. Howard as administratrix of the estate of Robert D. Howard, deceased.

Robert D. Howard died intestate on September 1, 1909. He had been engaged in carrying on a drug business and left a stock of goods and fixtures. He was survived by his widow, Lida M. Howard, and an infant child three months old. Letters of administration were issued to Lida M. Howard, September 17, 1909. October 27, 1909, she filed a petition in probate court alleging that all debts had been paid or assumed by petitioner, save a note for $3,000 due Samuel S. Lutz, and indorsed by Clement W. and Henry P. Howard, and a claim of the Soda Fountain Company, secured by chattel mortgage on the soda fountain in the drug store. Also alleging that the business is a profitable one, and that the aforesaid creditors had consented to the continuance of the business. She prayed an order authorizing her to continue said business until February 1, 1910. The written consent of the holder and indorsers of said note having been filed, the court entered an order granting the petition, and authorized petitioner "to employ sufficient help to carry on said business, and to do all other acts necessary and proper to the same ends." February 3, 1910, a like petition was filed, praying an order to continue said business until the estate was ready for distribution. This was consented to by Henry P. Howard, who had in the meantime paid the Lutz note, on which he was an indorser; and the like order was entered on said day granting the prayer of the petitioner. The inventory and appraisement of the estate was filed January 15, 1910, and amounted in the aggregate to $2,106.35. It consisted of drug stock and fixtures. November 17, 1910, Henry P. Howard filed a petition alleging that he was no longer willing that said business be continued, that an offer had been made to purchase the same for $3,510, which was considered an excellent price. He prayed that the administratrix be ordered to show cause why said offer should not be accepted, and that she be required to file her report and account. December 5, 1910, an order was passed directing the sale of the stock, etc., of the Howard Pharmacy at public sale for cash.

The administratrix reported a sale made, after advertisement in accordance with the order, on December 12, 1910, to Helen M. Proctor, for $3,850 in cash, and prayed confirmation. The sale was confirmed December 14, 1910, and delivery ordered to the purchaser. It was also ordered that the administratrix pay the outstanding accounts due creditors for merchandise furnished her, and for services rendered. The administratrix filed a report and account of the business conducted. She charged herself with the value of the goods and fixtures as appraised. Her total receipts from the conduct of the business and proceeds of sale aggregated $18,427.46. Her disbursements for all purposes aggregated $15,712.49, leaving a balance of $2,714.97. Against this she claims credits amounting to $1,228.63. The principal items were, commissions, $552.82; attorneys' fee, $150; allowance for exemptions, $400. The balance for distribution was reported as $1,486.34. Among the items of credit is the sum of $1,160 paid to H. P. Howard. H. P. Howard is the only creditor proving a claim against said estate, which consisted of said $3,000 note.

Exceptions to the account were presented by Henry P. Howard, the chief items excepted to being the claims for services in conducting the business, commissions, and attorneys' fee. The account and exceptions were referred to the auditor for examination and settlement.

The report of the auditor shows that, prior to the death of Robert D. Howard, on September 1, 1909, he had been ill. His disease was tuberculosis. He had been absent several months. His business was conducted by his father, Henry P. Howard, and a son of the latter. Intestate's life had been insured for the benefit of his wife in the sum of $2,000. The check, when delivered to her by the insurer, was, on demand of Henry P. Howard, delivered to him. He claimed that he had paid debts of the intestate to the amount of $1,160, and demanded that she reimburse him out of the insurance. She testifies that he presented no account of the business or the bills paid, and that she was coerced into delivering the check. He gave her a check for the surplus. The auditor reported that he

·was estopped to deny her right to receive reimbursement. He also found that the administratrix gave personal services in the management and conduct of the business, and that they were reasonably worth the sum charged, *viz.,* $50 per month. He also allowed the item for attorneys' fee, and a commission of $2\frac{1}{2}$ per cent upon the receipts of the business during her management of the same, as well as the item of $400 as exemptions. Exceptions were filed to the report by Henry P. Howard. These were overruled, and the report confirmed. From this decree the appeal has been taken.

*Mr. George C. Gertman* and *Mr. John Ridout* for the appellant.

*Mr. Paul Sleman* and *Mr. Harry F. Lerch* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The account was duly referred to the auditor, who heard evidence relating to the several items in controversy, and made a report covering the same. Exceptions thereto were overruled and the same confirmed. Under these conditions it is incumbent upon the appellant to show plain error or mistake in order to obtain a reversal of the confirmation decree. *Magruder* v. *Drury,* 37 App. D. C. 519, and cases therein cited.

The conditions of the case are peculiar, and, as argued by the appellant, call for the application of equitable principles where not in conflict with statutory requirements. Practically, the appellant is the only established creditor, his debt consisting of the $3,000 note aforesaid. He took charge of and conducted the intestate's business several months prior to the latter's death. The active conduct was intrusted by him to an employee. He kept no regular book account of the receipts and disbursements, and rendered no account to the administratrix upon her appointment. The check in payment of the life insurance policy was delivered to her in his house. Representing that he had

paid $1,160 of indebtedness due by intestate, he demanded that she repay him out of the proceeds of the insurance policy. She acceded to the demand, indorsed him the check, and received a check for the surplus. She testified that she was coerced into making the payment. Subsequently, upon his advice, she paid some smaller demands of his sons. He testified that she paid voluntarily, her desire being to get permission to continue the business. He made an error of $44 in his own favor in footing up the items to be paid by her. Both then thought that the business could be conducted at a profit, and that its continuance would increase its selling price. She was young and inexperienced, and their relations were then cordial. While the evidence does not show that she paid the money under duress in the legal sense, nor does the auditor so report, yet she evidently relied upon appellant for advice. He was her father-in-law, and had managed the business during the son's last illness. She had complete confidence, apparently, in his business capacity, as well as his desire to befriend her and her infant child. She took no other advice respecting the transaction. With his express approval the court directed her to conduct the business until February 1, 1910, and then continued the order in force until December, when sale was ordered. None of the claims paid by her to him had ever been established against the estate. He is the only creditor, and the contest is between them. Under these circumstances it is difficult to apply the rules regulating a formal administration for the benefit of creditors and distributees. The business was carried on under the orders of the court under the agreement aforesaid, and this was supposed to be in the interest of all concerned. At the end the proceeds of sale amounted to considerably more than double the appraised value. According to the appellant's own statement, the individual money of the appellee went into the business and enabled it to be carried on. In consideration of all these circumstances, the auditor concluded that appellant was estopped to deny the appellee's right to reimbursement from the proceeds of sale, in preference to his indebtedness, and we are not convinced that he and the court approving his report committed reversible error.

2. The next assignment of error relates to the allowance of the item of $400 by way of exemption. Sec. 1105 of the Code [31 Stat. at L. 1362, chap. 854] enumerates the exemptions from forced sale. Among the items are tools and implements of the debtor's trade and business, amounting to $200 in value, with $200 worth of stock for carrying on the business of the debtor or his family. Sec. 314 [31 Stat. at L. 1239, chap. 854] of the chapter relating to administration extends this exemption to decedents' estates, and directs that it be distributed by the court to such members of the family as it sees proper. The contention is that the statute exempts specific property, and not the proceeds thereof. The implements of the business and the stock were sold together, it being apparently best for the estate. The $400 worth of the two exemptions were realized in the sale. All parties acquiesced in the sale as for the best interests of the estate. The widow did not relinquish her right to the exemption, and, as its value was realized by the sale, we perceive no error in the allowance to her of the proceeds.

3. We perceive no error in the allowance made for attorneys' fees to the administratrix. She was entitled to the services of an attorney in winding up the estate, and there is no evidence that the services were not worth the sum allowed, or that they were exclusively for the personal benefit of the administratrix. Code, sec. 365 [31 Stat. at L. 1248, chap. 854].

There appears no error in the allowance to the administratrix for her services in conducting the business. It was not her duty as administratrix to do so; and the order of the court authorized her to employ necessary help, and to do all other acts necessary and proper in carrying on the business. She took active management of the business, giving her time and personal attention to it. There is no evidence that her services were not worth the sum of $50 per month that was allowed her.

5. The exception to the allowance of commissions at $2\frac{1}{2}$ per cent on the receipts of the administratrix during the conduct of the business, we think should have been sustained. The exception is not to the allowance of any commission, but to its allowance upon said receipts. By the terms of the Code (sec. 365),

she was entitled to commissions on the inventory, not under 1 per centum and not exceeding ten per centum. To this the allowance should be restricted. The business was conducted on her own application, and she was allowed compensation for so doing. A commission based thereon was a double allowance, to which she was not entitled.

So much of the decree as confirmed the credit for the entire item of commissions based on the receipts of the business is therefore erroneous. The decree appealed from will therefore be modified so as to exclude the item of allowance for the gross sum of commissions, and as so modified, will be affirmed. The costs will be taxed as costs of administration, and the cause remanded with direction to allow the administratrix commissions on the amounts of the inventory, under the provisions of sec. 365. It is so ordered. *Modified and affirmed.*