### LAWRANCE *et al. v.* GARNER *et al.*

*(Supreme Court, General Term, Second Department. May 14, 1888.)*

TRUSTS—COMPENSATION OF TRUSTEES—EXTRA ALLOWANCE.

 A testator directed his three executors to carry on his business for the life-time of one of his daughters. One of his executors, at his death, was employed in the business at a salary of $25,000 per year, and another at a salary of $10,000, and they were allowed by the court the same salary for managing the business, to which they devoted their entire attention, in addition to the fees allowed them by law as executors. The third executor was engaged in other business, and received no extra compensation. The business had a capital of $7,500,000, which the executors increased in 10 years to $9,200,000. The executor drawing a salary of $25,000 died, and the entire management of the business devolved on the survivors. *Held,* that

a judgment of the special term, allowing each of the survivors an additional compensation of $5,000 yearly to date from the death of their co-executor, should be affirmed.

Appeal from special term, Dutchess county.

Action brought by John I. Lawrance and William E. Thorn, as surviving executors of the will of William T. Garner, deceased, against Marcellite T., Florence J., and Edith M. Garner, for a settlement of the accounts of plaintiffs, as executors and trustees of the will. William T. Garner died July 20, 1876, leaving a will by which he appointed Samuel W. Johnson, John I. Lawrance, and William E. Thorn, executors of his will, and directed: "*Second.* I direct that my executors hereinafter named, or such of those named as shall qualify as such, their survivors or successors, shall prosecute and carry on, with my estate and property, my present business, under the firm name of Garner & Co., for and during the life-time of my wife, Mary Marcellite, and my daughter, Florence, and the survivors of them; and that all profits and gains arising from said business shall, after the sum set apart for the support of my wife and children, as hereinafter provided, are deducted, be added to and form a part of the working capital of my estate." The will also made the executors guardians of his children in conjunction with his wife; but the wife perished in the same accident with the testator, and the entire duty of looking after the children devolved on the executors. The executors all qualified, and entered upon the discharge of their duties. Prior to testator's death Johnson was employed in the business of Garner & Co. at a salary of $25,000 per year, and Lawrance at a salary of $10,000. By order of the court, they continued to receive the same amount. December 13, 1881, Johnson died, and the entire management devolved on the survivors. Thorn, who was manager of the Harmony Mills on a salary of $10,000, and who had heretofore received nothing from the estate except his commissions, devoted more time to the business. The first inventory filed by the executors showed that there was invested in the business of Garner & Co. the sum of $7,517,144.58. The balance on hand, July 1, 1886, was $9,198,086.16. The case was heard by the court, which entered a judgment fixing the balance on July 1, 1886, at the sum above stated, and allowing the executors $5,000 a year each, from the death of Johnson, in addition to the other compensation which they had received; such additional compensation to continue until further order of the court. From the portion of the judgment fixing the compensation the defendants, who were minors, and appeared by a guardian *ad litem,* appeal.

*Nathaniel S. Smith,* for appellants.   *Homer A. Nelson,* for respondents.

DYKMAN, J.   The object of this action was to obtain a judicial settlement of the accounts of the plaintiffs as surviving executors and trustees under the last will and testament of William T. Garner, deceased, down to the 30th day of June, 1886, and also to obtain a judicial determination of the compensation to be made to the plaintiffs as such trustees for services performed by them under the will. The plaintiffs succeeded in their purposes, and a judgment was entered which settled and closed their accounts down to the date named, and awarded to each of the plaintiffs the sum of $5,000 a year for their compensation. There is no objection lodged against the part of the judgment which adjusts the accounts, but an appeal has been taken from the portion which awards the compensation to the plaintiffs. We consider the appeal without merit. The plaintiffs have been zealous and successful in the management of the vast estate, and the extensive interests committed to their charge. The services they are required to perform are exceedingly laborious, and the responsibilities resting upon them at all times are very great, and they have made a record which entitles them to the favorable consideration of the court, and merits commendation and compensation. They have been so clear in their great office, and manifested such fidelity to the trust and con-

: fidence reposed in them by their testator, that a repudiation of their claims to pecuniary recognition would be oppressive and unjust. The portion of the judgment appealed from should be affirmed, with costs.