### LAWRENCE et al. v. HARRINGTON,

(*Supreme Court, General Term, Second Department.* May 14, 1888.)

1. BANKRUPTCY—DISCHARGE—SUBSEQUENT PROMISE TO PAY DEBT.
   Defendant, being indebted to plaintiff on certain promissory notes, became insolvent, but during the pendency of the bankruptcy proceedings, and after his discharge, he made new promises and payments on the account. *Held,* that the subsequent payments kept the account good, as against the discharge.
2. LIMITATION OF ACTIONS—RUNNING OF THE STATUTE—SUBSEQUENT PAYMENTS.
   In such case, the old debt was restored, as against the statute of limitations.

Appeal from special term, Westchester county; DYKMAN, Justice.

Action by William F. Lawrence and James V. Lawrence against Alvin W. Harrington, for the amount of certain notes made by plaintiffs for the accommodation of defendant's firm, Rousseau & Harrington. There was a judgment for plaintiffs, and defendant appeals.

*Smith & Wellington,* for appellant. *Rudd & Hunt,* for respondents.

BARNARD, P. J. This action is based upon a general demand for money paid by the plaintiffs for the defendant. Annexed to the complaint is a statement of the items, all of which are either admitted or established by the evidence. The bulk of the claim is made up of firm notes. Two of these notes were given to evidence an indebtedness from defendant to plaintiffs contracted by an appropriation of the proceeds of a note made by plaintiffs for $671.43, due April 30, 1877, and delivered to defendant to get discounted for the use of the plaintiffs. The defendant discounted the note, and used the money himself. On the 24th of November, 1877, the defendant filed a petition in bankruptcy, and on the 20th of January, 1880, was declared free from debts existing at the filing of the petition. Under the case of *Palmer* v. *Hussey,* 87 N. Y. 303, this claim was properly in the bankruptcy court, and therefore was discharged by the bankrupt discharge. It was only a fraud, such as is implied between principal and agent, and in the case cited the court of appeals held that a claim for an unauthorized hypothecation of bonds was not such a fraud as was outside of the bankrupt act release. The part of the claim not discharged by the bankrupt certificate is small, amounting to $61.88, all for items subsequent to the filing of the petition. All the claim is barred by the statute of limitations,—as well the notes as the small account. The question is whether the proof is sufficient to revive the claim, both as to the items discharged and outlawed and as to the small part outlawed only. The parties seem to have been very friendly. Just before filing the petition the letters between them show that the defendant had felt compelled to violate business honor, but promised to make restoration. While the bankrupt proceedings were pending, the defendant still expressed great sorrow at the inconvenience occasioned plaintiffs, and expressed confidence that they would "not suffer a loss by us." In February, 1878, the defendant promised "aid in the matter" as soon as the pending proceedings in bankruptcy enabled them to do so. In May, 1878, the defendant, by letters, solicited an employment to plane lumber

v.1N.Y.s.no.10—37

for plaintiffs, and stated that "we [defendant's firm] will be glad to do it, and turn one-half of the work on account," and that after they got their discharge would see what they could do. In June, 1878, the defendant solicited plaintiffs to take up a note of defendant. "Better pay it, and let us work it out. We will turn the whole of it on account of the notes." The note was not taken up, as requested. While the bankruptcy proceedings were pending, defendant made three payments on the old account, as it then existed; and on the 8th of July, 1881, over a year after the discharge, the precise account sued upon as a whole was agreed to, and a new payment was made, and a balance struck, after deducting the four payments made. The letters are not conditional in their nature. They evidence a wish to pay the claim, and as a means suggest the giving of work on its account, but the 8th of July payment is upon the whole account. There were other payments made subsequently. The payment of 8th of July, 1881, was before chapter 324, Laws 1882. The account was completed in July, 1879, and the 8th of July payment revived the same from the bankrupt discharge, and gave a new time for the account to run, and the action was brought in time for that date, if it is the true date of payment. The history of the payment is this: On the 23d of May defendant sent a bill for goods sold by defendant to plaintiffs, and on it credited him $47.08, and asked notes of plaintiffs for the balance. These notes were sent the 8th of July, 1881, and interest was cast upon 23d of May balance until that date. Whether the payment is one of 23d of May or 8th of July, 1881, it was a credit upon the entire account, by express agreement, and a new promise is implied dating from the time of the payment. *Harper* v. *Fairley,* 53 N. Y. 442. Both as against the bankrupt discharges and the statute of limitations the old debt was restored. Chapter 324, Laws 1882, changed the rule as to new promises in bankrupt cases, but the debt was then good and the subsequent payments. The payments subsequent on this account kept it good. One was made April 6, 1883; one was made the 9th of November, 1884; and one the 28th of November, 1884. The judgment, therefore, seems to be well supported by the evidence, and should be affirmed, with costs.