## In re McCORD'S WILL.

(Supreme Court, Appellate Division. First Department. March 6, 1896.)

1. EXECUTOR—COMPENSATION FOR EXTRA SERVICES.

An executor may be allowed extra compensation for services rendered outside of his official duties.

2. SAME—EXTRA SERVICES CONSIDERED.

Where an executor, who was a son of the testator, had been employed by his father, in his lifetime, at a fixed compensation, to care for, repair, and collect the rents on two buildings occupied by tenants, to which he devoted his whole time, it was proper to enforce an agreement between the heirs, after the testator's death, under which such services continued to be rendered, by allowing the same compensation.

Appeal from surrogate court, New York county.

Almira Dusenbury, as one of the children and legatees of Albert McCord, deceased, appeals from an order disallowing certain objections to the account of John J. McCord and Albert McCord, Jr., executors. Affirmed.

Albert McCord, the testator, died in 1886, possessed of personal property, and seised of two houses; and in and by his will, after payment of the debts and a legacy, he bequeathed his personal estate to his five children, in equal shares, gave to his wife one-third of the net rents of the real estate, and to his five children the remaining two-thirds, to be "collected and paid over by his executors during the life of his wife." The said will further provides and directs that "immediately after the death ·of my said wife, or as soon as my executors shall deem it most convenient, said property to be sold," and the proceeds divided among said five children. The will was admitted to probate, and letters testamentary were granted to John J. McCord and Albert McCord, Jr., the accounting executors herein. After they had qualified and entered upon their official duties, Albert McCord, Jr., one of the executors, prepared and presented to the widow and heirs the following paper: "We the undersigned, heirs to the estate of Albert McCord, Sr., deceased, do hereby agree to pay Albert McCord, Jr., the sum of thirteen dollars per week, until other arrangements may be made, for taking charge, cleaning, and doing such repairs to the property as are necessary."· The executors were allowed full commissions, and in their accounts they credit themselves with weekly payments of' $13 made pursuant to such agreement, which was objected to by Almira Dusenbury, one of the children of the testator, who had signed the agreement,—which objection, however, was overruled, and the credit allowed. This presents the question upon this appeal.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

W. C. Beecher, for appellant.

Frank L. Young, for respondents.

O'BRIEN, J. It is insisted that the services for which Albert McCord, Jr., claimed compensation outside of his commissions were only those which his official duty imposed upon him; and the rule is invoked that an agreement allowing any other or greater compensation for such services, however meritorious, than the amount fixed by law, cannot be enforced. While this rule is settled and firmly supported by authority, it is equally well settled that if services are performed by an executor, outside of his official duties, he may be allowed compensation therefor, and that an agreement to that effect, which is just and fair, will be enforced. There is therefore no trouble

about the law, but the question in each case will reduce itself to one of fact,—as to whether the services rendered, and for which compensation is claimed, were those which the executor was bound to render in his official capacity as executor, or were those which were outside of his official duties.     In this case it appears that the executor, during the lifetime of the testator, his father, was engaged at the same rate of compensation in collecting the rents, and in cleaning and doing such repairs to the property as he was able.     The agreement provides that he should continue to render similar services to the estate. It is, no doubt, within the official duty of an executor, generally, to take charge of the property and to collect the rents; and, where such services alone are rendered, he could not recover more than the compensation allowed by law to executors.     Here, however, the evidence shows that he did more, and, in addition to taking charge of the property and collecting the rents, that he devoted his time daily to the care of the property, and did the cleaning, calcimining, and repairing and painting, and all the repairs, with the exception of plumbing work and some plastering, and that this consumed his whole time; the testimony being that he went to the property every day about 9 o'clock, and continued there until 5 in the afternoon.     We think that the extra services thus rendered were outside of his official duties, were not executorial, and were such as the parties could legally enter into a contract with him to pay for.     So viewed, we think that the agreement and the rate of compensation were fair and just, and after he has thus devoted his time to rendering such services for nine years, under an agreement with the one who now objects, that it would be inequitable to deprive him of the compensation which she expressly agreed he should receive.

Stress is placed upon the finding of the learned surrogate, made at the request of this appellant: "That the services rendered * * * consisted in the taking charge of the two houses, renting of the same, and the collecting of the rents thereof." It will not do, however, to have resort to a single isolated finding, because, when we come to the decision in this case as made by the surrogate, and examine the testimony upon which it is based, we find the facts in regard to the character of the work performed to be as we have detailed. Our conclusion, therefore, is that the agreement for extra compensation, being for services entirely separate and distinct from the duties imposed upon an executor by virtue of his office, was just, fair, and valid, and the contestant having had the benefit of the services so rendered, and having received without objection her share of the income during the entire period, receipting therefor, it would be inequitable to permit her now to repudiate her agreement.

We think the decree was right, and should be affirmed, with costs and disbursements against the contestant.     All concur.