TEMPORARY ADMINISTRATOR—COMPENSATION—EXTRA ALLOWANCE—ESTOPPEL.
A person employed by decedent in his lifetime, for a fixed salary, to manage his business, was, at the request of all of the parties in interest, pending a contest of the will, appointed temporary administrator, jointly with one of the executors named in the will, and directed to continue the business, which he did, doing the same work which he had done before as manager. He was not told that he must look to his commissions alone for his compensation, and he continued to draw the salary he had formerly received, to which his co-administrator made no objection. *Held*, that the co-administrator was estopped from objecting to the right of the managing administrator to draw his salary in addition to his statutory commissions, and that he was entitled to the salary.

In the matter of the estate of John Moriarty, the account of McConville, temporary administrator, was allowed by the referee. On motion to confirm the referee's report. Granted.

John F. Clark, for temporary administrator and claimant.

Townsend & Mahan (Charles Donohue, of counsel), for executors.

VARNUM, S. Motion to confirm referee's report. Matter heard by Judge ARNOLD, but not decided by him. The decedent was in his lifetime in the furniture business, and had as his manager in said business one McConville, to whom he paid a salary of $33 per week. Decedent's will was contested, and, after considerable controversy as to who should be appointed as temporary administrator, all parties consented and agreed, as a compromise, to the appointment of decedent's nephew, a legatee and executor under his will, and McConville, the manager, jointly, and an order to that effect was made by this court, providing, among other things, that the.administrators should take possession of the store and stock of goods and other property used in conducting the business, and sell and dispose of the same in the usual and customary manner that deceased did in his lifetime, and that from the moneys received they pay rent, insurance, and labor and necessary expenses to conduct said business. McConville, the manager, carried on the business from August 3, 1896, until May 1, 1897, when decedent's will was admitted to probate, and the assets were turned over to the nephew named as executor, and meanwhile paid all the customary wages of the employés, including $33 per week to

himself. When he accounted as temporary administrator, objections were filed by his co-administrator, to the effect that he had no right, as administrator, to receive wages from the estate for his personal services, but must be content with the commissions allowed by law. The referee overruled the objections, and exceptions were filed to his report. Despite the well-known general rule of law as to allowances to executors, etc., in excess of commissions, our courts have recognized the fact that there are certain cases where the equities are so great, and the services performed so entirely outside official duties, that the executor or administrator should be properly compensated therefor. Lent v. Howard, 89 N. Y. 169; In re Braunsdorf, 13 Misc. Rep. 666, 35 N. Y. Supp. 298; In re McCord, 2 App. Div. 324, 37 N. Y. Supp. 852. This seems to me to be clearly one of such cases. An employé accepts, at the request and with the consent of all parties in interest, an appointment as temporary administrator, clearly for the sole purpose of carrying on the business for a time for the benefit of the persons interested in the estate, doing the same work that he had done during the lifetime of testator, and drawing the same moderate compensation therefor. It appears that the objector, his coadministrator, now executor and a residuary legatee, was frequently in the store, knew from the beginning that McConville was drawing a salary of $33 per week, and made no objection thereto. The administrator was instructed by the order appointing him to conduct and carry on the business as the deceased did in his lifetime, which is exactly what he did. The case does not show that any notice was given to McConville that he must look to his commissions only for his compensation for services not officially rendered after his appointment, and it is reasonable to suppose that, had he been warned of such a possibility, he would have declined to serve as administrator, and continued as an employé. The object of the general rule of law above referred to was to protect an estate from the injustice or unfairness of the executor or administrator, but in the case under consideration the estate or its representatives seem to be the ones guilty of injustice or unfairness in seeking to deprive a poor employé of his means of livelihood, although accepting, without hesitation and to their advantage, all his services so rendered. I consider that the original order of appointment was, in effect, an assent that this compensation should not be limited to his commissions as administrator, and that by reason thereof, and in view of the other facts above referred to, the objector is estopped from now questioning the same. The referee's report will be confirmed.

Decreed accordingly.