In the Matter of the Estate of ALVAH DAVISON, Deceased.

Surrogate's Court, Kings County, February 14, 1940.

*Thomas L. Zimmerman*, for Harold M. Davison, Alvah E. Davison, Jr., and Bankers Trust Company, as trustees, petitioners.

*Philip M. Kleinfeld*, special guardian for infant beneficiaries.

WINGATE, S. The question of primary importance in this proceeding relates to the propriety of the payment of an annual salary to one of the trustees for the conduct and management of the incorporated publishing business of the testator.

In the " Seventh " item of his will the testator expressed his wish that his business be continued and authorized the fiduciaries to retain its stock so long as they should deem such course desirable. He then continued: " It is my wish that one of my sons shall be at the head of the business, either as President or manager,

and the one to be chosen, I leave to the choice and discretion of my executors, but if, in their judgment, a capable manager for the business cannot be found among my sons, then I leave the matter entirely to their discretion and judgment to select and appoint a manager who can conduct the business in a proper and advantageous manner and for the best interests of my estate."

For a period of ten years prior to the death of the testator his son, Harold M. Davison, had been employed in the business at an annual salary of $15,000, and during the same period the testator was also so employed and received a like sum, making a total annual payment for both of $30,000.

Following the death of the testator the trustees selected Harold to manage the business. He has acted in that capacity up to the present time at an average annual compensation for the ten years covered by the account of $17,303.50. In return for this remuneration he has performed all of the work previously accomplished by both the testator and himself, for which they jointly had received $30,000 a year.

His conduct of the business has been phenomenally successful, and when it is recalled that the period of his tenure has been only during the depression years, when most enterprises have operated at a loss or at best a negligible profit, it has been nothing short of miraculous, showing an average annual net profit to the beneficiaries of over eighty-one per cent on the investment. In other words, during the ten years that the business has been in his sole charge it has earned a net return of more than eight times its total capital investment.

He was, however, named by the testator as one of the fiduciaries under his will and has qualified and acted as such. By reason of this fact the learned special guardian has felt constrained to question the propriety of the salary payments which have been made to him and to raise the issue as to whether or not his commissions as trustee should not be deemed his sole permissible compensation. None of the beneficiaries who are *sui juris* have joined in his position.

It is unquestionably the usual rule that where an executor or trustee continues the business of a testator, pursuant to an authorization for the adoption of such a course, he is not entitled to any compensation in addition to statutory commissions in return for such added service. (*Matter of Rosenberg*, 251 N. Y. 115, 126; *Matter of Popp*, 123 App. Div. 2, 3; *Matter of Froelich*, 122 id. 440, 448; affd., 192 N. Y. 566; *Matter of Hayden*, 54 Hun, 197, 203; affd., 125 N. Y. 776.) There is, however, an imposing line of cases in which remuneration, in addition to commissions, has been awarded. (*Lent* v. *Howard*, 89 N. Y. 169, 179, 180; *Matter of McCord*, 2 App.

Div. 324, 326; *Lawrence* v. *Garner*, 1 N. Y. Supp. 534, 535; reported by memo. only, 48 Hun, 618; *Russell* v. *Hilton*, 37 Misc. 642, 662; modfd. on other grounds, 80 App. Div. 178; affd., 175 N. Y. 525; *Matter of Braunsdorf*, 13 Misc. 666, 672; modfd. on other grounds, 2 App. Div. 73; *Lansing* v. *Lansing*, 45 Barb. 182, 190; *Matter of Young*, 17 Misc. 680, 689; *Matter of Moriarity*, 27 id. 161, 163; *Matter of Berri*, 130 id. 527, 534; *Matter of Gerbereux*, 148 id. 461, 467. See, also, *Matter of Schell*, 53 N. Y. 263, 266; *Clinch* v. *Eckford*, 8 Paige, 412, 414.)

Analysis of these decisions indicates that aside from allowances predicated on advance agreements for extra compensation entered into by the parties interested, on the faith of which unusual services have been rendered, the award has usually been predicated on a demonstration that the fiduciary performed services in addition to those naturally incident to his office or imposed upon him by the terms of the will. This principle is expressed with clarity in *Matter of Popp* (123 App. Div. 2, 3), in which it is observed: " If he be allowed compensation out of the estate of the deceased other than that fixed by statute, it cannot be for services in his office, but only for something he has done apart from and entirely outside of his office, *i. e.*, as an individual and not as an executor or administrator."

A practical application of this principle is found in *Matter of McCord* (2 App. Div. 324, 326), in which it appeared that an executor who was a son of the testator was employed during the lifetime of the latter in managing, cleaning and repairing the real property which later came into the estate. Extra compensation at the rate paid him during the lifetime of the testator was awarded to him, the court saying: " It is no doubt within the official duty of an executor generally to take charge of the property and to collect the rents; and where such services alone are rendered, he could not recover more than the compensation allowed by law to executors. Here, however, the evidence shows that he did more, and in addition to taking charge of the property and collecting the rents, that he devoted his time daily to the care of the property, and did the cleaning, kalsomining and repairing and painting and all the repairs, with the exception of plumbing work and some plastering, and that this consumed his whole time."

In the opinion of this court, this factual demonstration, whereas on a much humbler plane, is on all fours with that in the case at bar. The testator authorized and desired his business to be continued. According to his directions in this regard, however, its management was not to be within the direct charge of his trustees, but of some other person to be chosen by them. He left it " entirely to their discretion and judgment to select and appoint a manager who can

conduct the business in a proper and advantageous manner" although he expressed a preference for " one of my sons."

In the absence of express authorization in the will, no power to continue the business would have existed. (*Willis* v. *Sharp*, 113 N. Y. 586, 589; *Matter of Gorra*, 135 Misc. 93, 98; *Matter of Ebbets*, 149 id. 260, 265.) It is the uniform determination that any authority of this variety which is actually accorded is subject to strict construction and that the fiduciaries will be limited to the precise terms of the testamentary authorization. (*Columbus Watch Co.* v. *Hodenpyl*, 135 N. Y. 430, 434; *Manhattan Oil Co.* v. *Gill*, 118 App. Div. 17, 18; *Matter of McCollum*, 80 id. 362, 363; *Saperstein* v. *Ullman*, 49 id. 446, 448; *Matter of United States Mortgage & Trust Co.*, 114 id. 532, 536.)

In the present instance, the fiduciaries were not authorized to conduct the business. All that was permitted was that they might continue the investment of the assets of the estate therein and during such continuance appoint such person as to them might seem wise to conduct it. It follows, therefore, that the acts of Harold in such management and conduct of the business were not performed in his fiduciary capacity since the testator had accorded no authority to his fiduciaries to do any acts in this regard other than select some one to do the work. They must, accordingly, have been performed by him as an individual and, as a result, he is entitled to reasonable compensation for his services. The reasonableness of the compensation actually paid him, provided he is entitled to any, has not been and on the demonstration of the record, presumably could not be, questioned, wherefore the objection will be overruled.

A further objection of the special guardian relates to the manner of computation of commissions on increment. In his argument he attempts to distinguish the situation in the present case from that adjudicated in *Matter of Pratt* (172 Misc. 756). In the opinion of the court, the differences upon which he relies are immaterial and this objection will also be overruled.

Enter decree on notice in conformity herewith.