In the Matter of the Accounting of MILTON R. LEWIS et al., as Trustees under the Will of MILLARD P. RYLEY, Deceased.*

Surrogate's Court, Erie County, November 9, 1943.

* See, also, *Matter of Hurlbut,* 180 Misc. 681. — [REP.

*Frank Gibbons* for trustees.

*Harold B. Ehrlich,* special guardian.

VANDERMEULEN, S. Letters of testamentary trusteeship were issued to Milton R. Lewis and Benjamin F. Maier, in accordance with the terms of decedent's will, in 1936. They qualified and entered upon the discharge of their duties.

The present proceeding was instituted for a final judicial settlement of the accounts of Clarissa S. Maier, executrix of the estate of Benjamin F. Maier, deceased trustee, and Milton R. Lewis, surviving trustee. They each claim the right to a full commission on the income for the years 1940, 1941, 1942, and 1943, to and including March 27th, the total amount of which is $524.27, based on the amendment hereinafter set forth.

The Surrogate's Court Act was amended by chapter 694 of the Laws of 1943, effective September 1, 1943, by adding section 285-a and renumbering former 285-a as section 285-b. Sub division 5 of section 285-a provides: " 5. If the gross value of the principal of the trust amounts to one hundred thousand dollars or more at the time of the receipt thereof by the trustee or the last judicial settlement of the trustee's account, and there shall be more than one testamentary trustee, each testamentary trustee shall be entitled to the full commission allowed herein to a sole testamentary trustee, unless there shall be more than three, in which case the compensation to which three

would be entitled, shall be apportioned among them according to the services rendered by them respectively. If the value of the principal of the trust is less than one hundred thousand dollars and there shall be more than one testamentary trustee, one full commission shall be apportioned among them according to the services rendered by them respectively."

The gross value of the estate at the time of its receipt by the trustees was over $100,000. The decree in their last intermediate accounting was entered in 1940. The accounting in that proceeding disclosed the value of the principal of the trust as approximately $95,000. The trustees claim that if either one of the two conditions exists, namely, if at the time of the receipt of the principal or if at the time of the last judicial settlement of the trustees' account the gross value was $100,000 or more, they are each entitled to full commissions.

The language of the statute is somewhat confusing. It appears to me that it is hardly conceivable that the Legislature intended to give an option to trustees, and, if it had, then the language would have been " either at the time of the receipt thereof by the trustees or the last judicial settlement of the account." It further appears to me that what the Legislature intended, and what the statute means, is that on the first accounting the governing factor over full commissions for each trustee is the value of the estate at the time of the receipt thereof. But subsequently the factor governing is the value of the principal at the time of the last accounting. As stated before, the last accounting in this estate disclosed that the value of the estate was less than $100,000, and therefore each trustee is not entitled to a full commission, but the commission is to be divided between them.

There is another reason for denying full commissions. The commissions accounted for cover a period of time prior to September 1, 1943, the effective date of this amendment. The statute in effect prior to such enactment read: " If the gross value of the principal of the estate or fund accounted for amounts to One hundred thousand dollars or more, each * * * trustee is entitled to the full compensation on principal and income allowed herein " (Surrogate's Ct. Act, § 285, subd. 8; as it existed prior to its amendt. by L. 1943, ch. 694, § 1). The amount of the principal accounted for is approximately $60,000.

The statute is not retroactive and the amount of commissions to which the trustees are entitled is $437.75.

Let the decree of judicial settlement provide accordingly.