In the Matter of the Accounting of PAUL TUCKERMAN et al., as Trustees under the Will of ARTHUR G. SEDGWICK, Deceased.

ROGER TUCKERMAN et al., as Executors of PAUL TUCKERMAN, Deceased, Petitioners; SUSAN R. S. HAMMOND et al., Respondents.

Supreme Court, Special Term, Richmond County, December 17, 1945.

*Emmet, Marvin & Martin* for petitioners.

*Root, Clark, Buckner & Ballantine* for respondents.

*Albert C. Fach,* special guardian for Grace A. Sedgwick, an incompetent person.

NORTON, J. The only question presented is as to whether the estate of the deceased trustee (Paul Tuckerman) and the surviving trustee (Bank of New York) are each entitled to a full commission.

There has been no judicial accounting since one filed by the original executors and trustees running to April 9, 1917, which was judicially settled by a decree made in the New York County Surrogate's Court on June 21, 1917.

The original inventory of the principal of the trust as shown by schedule A, part 1, of the account (it is stated in objectants' brief) was $75,021.04. This was the amount received by the trustees pursuant to the aforesaid decree of June 21, 1917. Objectants then make the following analysis of the present accounting:

| | | |
|---|---:|---:|
| " Corpus of Trust as aforesaid................ | | $75,021.04 |
| Additions to Corpus...................... | | 23,669.74 |
| | | 98,690.78 |
| Losses realized ................. | $15,854.30 | |
| Gains realized ................. | 7,887.64 | |
| Net loss ..................... | 7,966.66 | 7,966.66 |
| | | 90,724.12 |
| Administration expenses .................. | | 3,334.46 |
| Inventory Value as of 8/17/43 (but market value $80,328.54) (schedule I, part III of Account) .............................. | | $87,389.66 |

Petitioners present the following picture (brief, p. 6) insofar as the Tuckerman commissions are concerned:

| | |
|---|---:|
| Corpus as of decree of June 21, 1917......... | $72,646.04 |
| Additional assets added to Corpus........... | 26,044.74 |
| | 98,690.78 |
| Realized gains ............................ | 7,874.80 |
| | $106,565.58 " |

On the basis of the foregoing figures the trust fund still does not top $100,000 unless " realized gains " are added (disregarding " realized losses ").

Petitioners present the following picture insofar as the Bank of New York commissions are concerned:

" Corpus received 12/13/24.................. $81,545.09
Additional assets received from 3/17/26 to
  5/17/37 ................................ 17,817.79
<br>
                                       99,362.88
Realized gains .......................... 2,637.45
<br>
                                  $102,000.33 "

Again realized gains only are considered regardless of realized losses.

The parties agree that the provisions of the present law (Surrogate's Ct. Act, § 285-a) govern the award of commissions. They are in dispute, however, as to the application thereof, petitioners claiming that the corpus on which the computation is based exceeds $100,000, and that, therefore, both the Tuckerman estate and the Bank of New York are entitled to full commissions; whereas the objectants say that the corpus upon which the computation is to be based is under $100,000 and that but one commission is to be awarded, apportioned among the trustees.

Subdivision 5 of section 285-a of the Surrogate's Court Act provides: " If the gross value of the principal of the trust amounts to one hundred thousand dollars or more at the time of the receipt thereof by the trustee or the last judicial settlement of the trustee's account, and there shall be more than one testamentary trustee, each testamentary trustee shall be entitled to the full commission allowed herein to a sole testamentary trustee, unless there shall be more than three, in which case the compensation to which three would be entitled, shall be apportioned among them according to the services rendered by them respectively.

" If the value of the principal of the trust is less than one hundred thousand dollars and there shall be more than one testamentary trustee, one full commission shall be apportioned among them according to the services rendered by them respectively." (Subdivision 2 of section 285-a provides, however, that in the case of "A trustee who has not been awarded commissions for receiving the principal by a decree made prior to September first, nineteen hundred forty-three, [he] may be awarded the

commissions to which he would have been entitled for receiving the principal under section two hundred and eighty-five of this act in its form in effect immediately prior to September first, nineteen hundred forty-three.'')

The former section 285, insofar as multiple commissions were concerned is substantially similar to the present law, at least for the purposes of this discussion.

It is to be noted that the determination of the '' gross value of the principal of the trust '' under the language of subdivision 5 of section 285-a is to be determined as of the '' time of the receipt thereof by the trustee or the last judicial settlement of the trustee's account ''.

The gross value of the trust fund at the time of the last judicial settlement of the account (applicable to Paul Tuckerman) was $72,646.04 (petitioner's figure) or $75,021.04 (objectant's figure). Under either it was less than $100,000.

The gross value of the trust fund received by Bank of New York on December 13, 1924, was $81,545.09. Additional assets of $17,817.79 were received, bringing the trust corpus to $99,362.88, just short of $100,000.

The dispute herein stems from the position taken by petitioners that in determining whether the accountants are to be allowed multiple commissions the amount of '' realized gains '' (as increment) should be added to corpus, disregarding '' realized losses ''.

The question seems to be an open one. Authorities pro and con can be found, and are submitted, on the issue of whether or not '' realized gross gains '' or '' realized net gains '' are a proper basis for commissions.

On this subject, said WINGATE, S., in *Matter of Pratt* (172 Misc. 756, 757): '' There are two schools of thought ''. He adhered to the former.

Likewise, Bradford Butler in his recent work on New York Surrogate Law and Practice (Vol. 4, § 2951, p. 207) states: '' A difference of opinion, not yet clarified by appellate decision, has developed as to the method in which increase in value, or ' increment ', shall be treated in situations in which the values of certain assets have increased, but those of others have decreased. One school of thought asserts that such commissions should be allowed only on the difference, determined by deducting the losses from the gains, whereas the other, and more widely adopted, discards the losses from consideration, if they have occurred without the fault of the fiduciary, and includes the gross increment with the value of the assets as

initially coming into the hands of the fiduciary for the purpose of computing the receiving commissions."

The foregoing text writer cites the case of *Matter of Corning* (160 Misc. 434, 438, a 1936 decision by TAYLOR, S., of Orange Co.) in support of the first-mentioned doctrine, and the cases of *Matter of Witkind* (167 Misc. 885, 907, DELEHANTY, S., New York Co., 1938), *Matter of Wilson* (167 Misc. 758, 762, MILLARD, S., Westchester Co., 1938), *Matter of Pratt* (172 Misc. 756, 758, WINGATE, S., Kings Co., 1939) and *Matter of Davison* (173 Misc. 323, 326, WINGATE, S., Kings Co., 1940) in support of the latter.

It is to be noted, however, that all of these cases deal with the proposition of using " realized gains " as a basis for the allowance of the ordinary (single) receiving commissions, not with the issue now before the court as to their inclusion or exclusion in determining whether the trust corpus exceeds or falls short of the $100,000 basis set up by the statute as the gauge in the allowance of multiple commissions.

Decided cases which do have a bearing on the determination of when an allowance of multiple commissions should or should not be made also reveal a conflict, Surrogate DELEHANTY pointing out (*Matter of Mohr*, 167 Misc. 523, 524–525) : "A scrutiny of the cases dealing with the time as of which and the basis of value upon which commissions are to be computed discloses that they are in irreconcilable conflict and that in the authorities principles of decision are assumed to exist which are contradictory of other principles also assumed to exist. [Citing many cases.] "

Interpreting the language of the statute, however, in what, to me, is its plain meaning, and also, in the light of the relevant decisions, hereinafter referred to, I do not think Bank of New York as successor and surviving trustee is entitled to a full commission since the corpus of the trust fund when it originally took it over in 1924 was $81,545.09. Even should additional assets of $17,817.79 which were received between 1926 and 1937 be added, the fund would still fall slightly short of $100,000. I do not think there is any warrant under the statutes or the authorities for enhancing it by " realized gains " (i.e., in determining the right to *multiple commissions*). The right of the trustee to get ordinary receiving commissions on such " realized gains ", ignoring " realized losses ", is not challenged. (Section 285 of the Surrogate's Court Act expressly permits such commissions on " increment ".)

I think the rule to be applied is as stated by Surrogate VANDERMEULEN in *Matter of Ryley* (180 Misc. 696, decided Nov. 9, 1943, subsequent to the adoption of the present law [L. 1943, ch. 694, eff. Sept. 1, 1943]). In this case the court had before it a claim for multiple commissions made by a surviving trustee and a representative of a deceased trustee. The fund when originally set up in 1936 was over $100,000. On a prior accounting in 1940 it had shrunk to $95,000. In spite of this the accountants in 1943 claimed the right to multiple commissions, arguing that the language of the statute (Surrogate's Ct. Act, § 285-a, subd. 5) establishing the test for an award of multiple commissions, to wit, " If the gross value of the principal of the trust amounts to one hundred thousand dollars or more *at the time of the receipt thereof by the trustee or the last judicial settlement of the trustee's account  *  *  * "* (emphasis supplied) meant that in either of such contingencies multiple commissions should be allowed. The Surrogate, however, rejected such argument and denied multiple commissions, stating (p. 698): " It further appears to me that what the Legislature intended, and what the statute means, is that on the first accounting the governing factor over full commissions for each trustee is the value of the estate at the time of the receipt thereof. But subsequently the factor governing is the value of the principal at the time of the last accounting."

This reasoning is in accord with that reached by Surrogate TAYLOR in *Matter of Juilliard* (171 Misc. 661 [1939], affd. 259 App. Div. 828, motion for leave to appeal denied 283 N. Y. 778).

Although the accountant rejects the *Ryley* case (*supra*) as inapplicable because interpretive of the present commissions statute, it turns to the language of the present statute to buttress its claim " that the Legislature intended that realized gains should be included in the computation of the value of the fund accounted for  *  *  *." But, as I see it, the argument made evinces a legislative intent precisely to the contrary. Subdivision 9 of section 285-a defines " principal of the trust received by the trustee " as follows: " The term ' principal of the trust received by the trustee ', as used in this subdivision nine, shall mean the principal of the trust received by the trustee upon his qualification *and any principal subsequently added to the trust, but shall not include any increase in the value of the assets comprising the trust, whether realized or unrealized.*" (Emphasis supplied.)

Commissions awarded to representatives of decedents are wholly statutory (*Matter of Corning,* 160 Misc. 434, 435, *supra,*

and cases cited). In applying such statutes, under familiar rules of construction, in a search for legislative intent it would seem pertinent, in a field admittedly confused, to accept a definition made by the legislative branch itself in the solitary instance to which reference has been made, where trust corpus for purposes of a computation of multiple commissions has been given a detailed description. In such definition (Surrogate's Ct. Act, § 285-a, subd. 9) the Legislature has expressly excluded '' any increase in the value of * * * the trust, whether realized or unrealized.'' No logical reason appears why such definition should be given the restricted application contended for by accountants herein.

For the reasons stated, therefore, I think the claims of the surviving trustee for multiple commissions should be disallowed.

It is argued that the estate of the deceased representative, Paul Tuckerman, likewise should be awarded commissions in his behalf on the basis that each trustee, if surviving, would be entitled to a full commission. In my opinion, for reasons stated, multiple commissions should not be awarded but a single commission should be apportioned. The estate of the trustee who died before completion of his work should, in the discretion of the court, be allowed commissions in accordance with the provisions of section 285-a of the Surrogate's Court Act as applied in *Matter of Edwards* (183 Misc. 1014, 1019–1020, and cases therein cited).

Submit order accordingly.